IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| REV. ODOLPH WRIGHT, | : | CIVIL ACTION NO. |
| | : | 1:21-CV-0636-ELR-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WALMART STORES EAST, LP, | : | **ORDER AND FINAL REPORT** |
| | : | **AND RECOMMENDATION ON A** |
| Defendant. | : | **MOTION TO DISMISS** |

Plaintiff Rev. Odolph Wright, proceeding *pro se*, originally filed the Complaint in this case in the Superior Court of Fulton County on November 24, 2020, and Defendant removed the case to this Court on February 12, 2021. *See* Notice of Removal [1], Ex. A [1-1]. Plaintiff claims that Defendant Walmart Stores East, LP, his former employer, discriminated against him on the basis of his religion, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and discriminated against him on the basis of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*.

The action is now before the Court on Plaintiff's Motions to Remand [12][18] and Plaintiff's "Motion to Dismiss Without Prejudice" [19] ("Motion to Dismiss"). For the reasons discussed below, the undersigned **RECOMMENDS** that Plaintiff's Motion to Dismiss [19] be **GRANTED** and that this action be **DISMISSED** without prejudice. Plaintiff's Motions to Remand [12][18] are **DENIED**.

I.  **DISCUSSION**

A.  *Plaintiff's Motions to Remand*

Plaintiff has filed two Motions to Remand [12][18]. On May 5, 2021, Plaintiff filed a motion he styled as a "Motion for (Second) Extension," but in that motion Plaintiff not only requests an extension but also requests that the Court remand this action to the Superior Court of Fulton County on the ground that Defendant removed the case without conferring with him. *See* Pl. Mot. [12] at 1. On June 4, 2021, Plaintiff filed a second motion styled as a "Motion to Rescind Case Back to Fulton County Superior Court" [18]. In that motion, Plaintiff requests that the Court remand this action to the Superior Court of Fulton County on the ground that the "court requirements are less stringent and more appropriate for a person that cannot afford an attorney." Pl. Mot. [18] at 1. Defendant has opposed Plaintiff's Motions to Remand. *See* Def. Resp. [14][20].

When a state court action is removed pursuant to 28 U.S.C. § 1441, the Court must make an independent determination regarding the appropriateness of removal before it resolves any pending motions on the merits. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("removal jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction" and remand is

mandatory when a court determines that it lacks subject matter jurisdiction, notwithstanding the presence of other motions pending before the court).

As the party removing the action to federal court, Defendant bears the burden of establishing federal jurisdiction over the action. This burden is a "heavy" one. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)*; Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *Lampkin v. Media Gen., Inc.*, 302 F. Supp. 2d 1293, 1294 (M.D. Ala. 2004). Because removal is a purely statutory right, courts must strictly construe removal statutes in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Rembrant, Inc. v. Phillips Const. Co., Inc.*, 500 F. Supp. 766, 768 (S.D. Ga. 1980). Thus, in determining whether removal is appropriate under 28 U.S.C. § 1441, federal courts must resolve all doubts against removal. *Univ. of S. Ala.*, 168 F.3d at 411.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's properly-pleaded complaint. *See Gully v.*

*First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *see also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995).

Thus, the general test for whether a cause of action arises under federal law and is therefore removable under 28 U.S.C. § 1441 requires that a court look only to the face of the plaintiff's complaint to ascertain whether a claim has been asserted under federal law. *See Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 84 (1989) ("The presence or absence of federal jurisdiction is governed by the 'well-pleaded complaint' rule."). "Under our long standing interpretation of the current statutory scheme, the question of whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9–10 (1983)). Under the well-pleaded complaint rule, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully*, 299 U.S. at 112–13).

Thus, removal is generally proper under 28 U.S.C. § 1441 only if the plaintiff's "well-pleaded complaint" asserts a federal cause of action against the defendant. Exceptions to the well-pleaded complaint rule include civil rights actions

and actions involving a claim in an area of law that is governed by a federal statute that preempts state laws, such as the Labor Management Relations Act, 29 U.S.C. §§ 185, *et seq.*, and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq. See* 28 U.S.C. § 1443 (cases involving civil rights claims are removable); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1975) (state court action involving common law tort and contract claims related to employee benefits may be removed under 28 U.S.C. § 1441 because federal defense under ERISA preempts state law); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557 (1968) (state court action involving a breach of contract claim arising under a collective bargaining agreement may be removed under 28 U.S.C. § 1441 because LMRA preempts state law in claims involving labor relations); *see also Caterpillar Inc*, 482 U.S. at 392–93 (explaining the "complete pre-emption doctrine" as an exception to the well-pleaded complaint rule: "On occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (quoting *Metro. Life Ins. Co.*, 481 U.S. at 65).

In this case, Defendant removed this action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331, contending that the Complaint alleges a claim under Title VII, a federal statute. *See* Notice of Removal [1] at ¶ 3. In the Motions to Remand, Plaintiff does not argue that this Court lacks subject matter

5

jurisdiction over his claims. Instead, he contends that this case should be remanded because Defendant failed to confer with him before removing it, and that the Superior Court of Fulton County has "less stringent" requirements. *See* Pl. Mot. [12][18].

The Court agrees with Defendant that the Complaint purports to allege a federal claim on its face. Because Plaintiff is proceeding *pro se*, the Court is obligated to interpret his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Interpreted liberally, the Complaint asserts claims under both Title VII and the ADEA. Thus, the Court finds that it has subject matter jurisdiction over Plaintiff's claims in this action.

Plaintiff also has not identified any technical defects in the Notice of Removal. Even if he had done so, however, Plaintiff's Motions to Remand [12][18] would be untimely filed under 28 U.S.C. § 1447, which requires that any motion to remand based on a defect other than lack of subject matter jurisdiction be filed within 30 days of removal. Defendant removed this case to this Court on February 12, 2021. *See* Notice of Removal [1]. Plaintiff filed his first Motion to Remand [12] on May 5, 2021, and filed his second Motion to Remand [18] on June 4, 2021, well after the deadline to challenge removal based on any defect other than subject matter jurisdiction.

In sum, the Court has subject matter jurisdiction over Plaintiff's claims on the basis of a federal question, and Plaintiff has not shown any basis for the Court to remand this action. Accordingly, Plaintiff's Motions to Remand [12][18] are **DENIED**.

B.   *Plaintiff's Motion to Dismiss*

After he filed his Motions to Remand, Plaintiff filed a Motion to Dismiss [19] on June 4, 2021, requesting that the Court allow him to voluntarily dismiss this action. Although Defendant's deadline to respond to the Motion to Dismiss was June 21, 2021, Defendant filed no response to the motion, indicating that it is unopposed. *See* LR 7.1(B), NDGa.

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss an action without a court order "by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Actions that cannot be dismissed pursuant to Rule 41(a)(1) may only be dismissed by court order, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

In this case, because Defendant filed an Answer [2] on February 12, 2021, Plaintiff is unable to dismiss this action voluntarily without filing a stipulation signed by all parties or obtaining a court order. Plaintiff has failed to file a stipulation of

dismissal signed by all parties. Instead, Plaintiff has filed a Motion to Dismiss [19], requesting that the Court dismiss this action without prejudice because he is experiencing numerous health problems that have interfered with his ability to "act on the requirements of the Court." *See* Pl. Mot. at 1.

Because the Motion to Dismiss [19] is unopposed by Defendant, **IT IS RECOMMENDED** that Plaintiff's Motion to Dismiss [19] be **GRANTED** and that Plaintiff's Complaint be **DISMISSED** without prejudice.

## II.   CONCLUSION AND RECOMMENDATION

For the reasons discussed, **IT IS RECOMMENDED** that Plaintiff's Motion to Dismiss [19] be **GRANTED** and that Plaintiff's Complaint be **DISMISSED** without prejudice. Plaintiff's Motions to Remand [12][18] are **DENIED**.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 23rd day of June, 2021.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE